UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>PHU TRUNG LE,<br>a.k.a. JOHNNY LE,<br><br>        Defendant. | CASE NO.   CR06-319JLR<br><br>DETENTION ORDER |

Offenses charged:

    Count I:    Conspiracy to Distribute Marijuana, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A), and 846; and

    Count II:    Conspiracy to Engage in Money Laundering, in violation of Title 18, U.S.C., Section 1956(h).

Date of Detention Hearing: September 29, 2006.

        The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety

DETENTION ORDER
PAGE -1-

of any other person and the community. The Government was represented by Ye-Ting Woo. The defendant was represented by Pete Mazzone.

### FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

There is probable cause to believe the defendant committed the conspiracy drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e). Presumption was not overcome in this case for the following reasons:

(1) The Government's case is described as involving two drug distribution organizations. The investigation has revealed undisclosed sums of cash in the tens of thousands of dollars. The Court is concerned the defendant's access to monetary resources may be used to facilitate flight. Heightening the Court's concern of flight is the fact that a co-conspirator has fled to Vietnam to avoid prosecution.

(2) Defendant has no stable employment. He refers to a recent job but it has not been verified. He has assets in the form of cars that suggest his added income is not from legitimate sources, but rather were placed in his name to conceal the true source of the income.

(3) The Government's case based on daily surveillance of defendant's residence and wiretap interception of telephone calls appears to be strong as to this defendant.

(4) Due to the nature of the instant offense, the defendant is viewed as a risk of danger.

Based upon the foregoing information, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(1) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 29th day of September, 2006.

_____
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-